Curia, per Earle, J.
The defendant has been convicted on three separate indictments growing out of the same transaction; viz: 1st. for suffering a slave to be employed in retailing spirits; 2d. for retailing without license; and 3d. for trading with a slave without a permit.
In regard to the first, this Court is of opinion with the Judge below, that on a just interpretation of the Act of 1831, the evidence did not warrant the conviction. . The defendant, who was the owner of the slave, being actually present when the liquor was drawn from the cask and delivered, and having, himself agreed to furnish it, and afterwards receiving the price, it would seem to have been entirely his own act, in which the slave was merely the involuntary instrument; and does not appear to come within the mischiefs of that sort of trading, which the legislature intended to prevent. It is true, the words of the Act are general and comprehensive; “to be employed or concerned in .the vending of spirituous liquors.” Now, in one sense the slave here was concerned, for she was physically employed in drawing the liquor : yet she cannot be said to have been employed as a moral agent in vending, which implies volition, assent, and agency. Such an employment in absence of the master, would be exceedingly mischievous, whether the owner were a licensed retailer or not, whilst the employment of a servant by a licensed retailer, in the mere act of drawing liquor in his -presence, carries with it no more mischief than if he were to draw it himself. On this indictment the conviction is erroneous and a new trial is ordered.
In the second case, for retailing without license, the question which is presented on the first ground has been frequently discussed, and on which it does not seem prac *43 ticable to lay down any rule that shall restrain the discretion 'of the jury. Retailing does appear to imply a succession of acts continued from day to day. But it would be unsafe to say that the jury should not be allowed to infer the habit from the proof of one act of retailing; looking, as they always do, to the character of the defendant and to the circumstances. If we were to say that one act should not be sufficient to authorize conviction, could we with sense and propriety say that two acts should constitute retailing ? Such proof, would be stronger, to be sure, but even two alone would hardly constitute the habit. On the whole, the Court perceives no good reason for departing from the precedents; and it has been well settled that the jury may convict on proof of one act of retailing, State vs. McBride.
Out of courtesy to the counsel who makes the motion in this case, the Court has allowed the ground to be discussed:, whether the defendant can be legally convicted both of retailing without a license, and of trading with a slave, when both offences arise out of the same -transaction, indeed the same act. On careful consideration, the Court is satisfied to adhere to the authority of the cases wherein that question has been considered and decided. The State vs. Sonnerkalb, 2 N. and McC., 280, was precisely this case. And a conviction on both indictments was sustained, on the ground that the defendant committed two distinct offences created by different statutes, and a verdict on one was no bar to the other. A similar question arose in the State vs. Taylor, 2 Bail. 49, where the defendant was convicted of trading with a slave without a permit, and being afterwards indicted for receiving stolen goods in the same transaction, the former verdict was pleaded in bar; being sustained on the circuit, on appeal it it was held np bar; and the defendant was finally convicted in both cases. It can hardly be necessary to add any thing to what is said by Mr. J. Oolcock in the former case, and by Mr. J. O’Neall, in the latter.
The test by which the question is to be determined, whether a former conviction is a -bar to another prosecution, is this: would the evidence necessary to support the second indictment, have been sufficient to procure a legal conviction on the first ? Now, the offence of trading with a slave without a permitáis proved without reference to the subject *44 matter of the trading, the article concerning which the dealing takes place, or to the fact of the defendant having a license to retail. If be bad a license to retail, be could not be convicted on the indictment for retailing, although be might have sold liquor to a slave without a permit, and thus be guilty on the indictment for trading; so if the slave bad a permit to trade, and be bad no license to retail, be might be convicted of retailing without license, although not guilty of the unlawful trading.
Again, the constituent ingredients of the offences are essentially different: they must be described differently, and by no legal possibility could the defendant be convicted of unlawful trading’ with a slave, on an indictment framed merely for retailing without license; nor could be be convicted of the latter offence, on an indictment for trading with a slave; and this is another test: or rather it is an application of the same test in a different form. The court will not disturb the cases of Sonnerkalb and Taylor.
In the two last cases, for retailing without license, and trading with a slave, the motion is refused.